# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>vs.<br><br>JOLENE LAUREE SORENSON,<br><br>　　　　Defendant. | No. CR 09-3012-MWB<br><br>**ORDER REGARDING DEFENDANT'S PETITION FOR RELIEF PURSUANT TO RULE 11(c)(1)(C) IN LIGHT OF SUPREME COURT DECISION "HUGHES V. UNITED STATES" 138 S. CT. 1040 (2018)** |

_____

　　　　This case is before me on defendant Jolene Lauree Sorenson's July 26, 2018, *pro se* Petition For Relief Pursuant To Rule 11(c)(1)(C) In Light Of Supreme Court Decision "Hughes v. United States" 138 S. Ct. 1040 (2018). In her motion, Sorenson seeks a reduction based on Amendment 782 to the United States Sentencing Guidelines.

　　　　On March 18, 2009, Sorensen was charged in a three-count indictment with drug offenses. Count 1 charged her with conspiracy to distribute 500 grams or more of a methamphetamine mixture and 50 grams or more of actual (pure) methamphetamine, after a prior felony drug conviction, in violation of 21 U.S.C. §§ 846 and 851. Count 2 charged her with possessing with intent to distribute 50 grams or more of a methamphetamine mix and 5 grams or more of actual (pure) methamphetamine, after a prior felony drug conviction, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851. Count 3 charged her with distribution of an unspecified amount of methamphetamine, after a prior felony drug conviction, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851. On January 25, 2010, Sorensen pleaded guilty to

Counts 1 and 2 pursuant to a Rule 11(c)(1)(C) plea agreement, in which the parties agreed upon a sentence of 180 months and dismissal of Count 3. On April 26, 2010, I sentenced Sorensen to the agreed sentence of 180 months on Counts 1 and 2 and dismissed Count 3. Judgment entered accordingly on April 28, 2010.

On July 17, 2015, on my own motion, I considered whether Sorenson was entitled to a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. At that time, I denied such a reduction, under circuit precedent, because Sorensen had entered into a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and her sentence was predicated on an agreed upon sentence rather than a sentencing range. *See* Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2), 3-4 (citing *United States v. Williams*, 598 F.3d 963, 946 (8th Cir. 2010)).

In the motion now before me, Sorenson seeks a reduction pursuant to § 3582(c)(2), because, on June 4, 2018, the Supreme Court decided *Hughes v. United States*, 138 S. Ct. 1765 (2018), which removed the impediment to § 3582(c)(2) relief in cases in which a defendant entered into a Rule 11(c)(1)(C) plea agreement. The controlling question in *Hughes* was "whether a defendant may seek relief under § 3582(c)(2) if he entered a plea agreement specifying a particular sentence under Federal Rule of Criminal Procedure 11(c)(1)(C)," which the Court noted "is sometimes referred to as a 'Type–C agreement.'" 138 S. Ct. at 1773. The Court held that, even in a case involving such a plea agreement, "relief under § 3582(c)(2) should be available to permit the district court to reconsider a prior sentence to the extent the prisoner's Guidelines range was a relevant part of the framework the judge used to accept the agreement or determine the sentence." *Id*. at 1778. Thus, Sorenson's Rule 11(c)(1)(C) plea agreement no longer necessarily bars § 3582(c)(2) relief.

On the other hand, as the Court explained in *Hughes*, "If the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower [guidelines] range, then the court retains discretion to deny relief [under § 3582(c)(2)]." *Id*. In Sorenson's case, I sentenced Sorenson to an agreed sentence of 180 months. Her statutory mandatory minimum sentence was 120 months. Her advisory guidelines range was 262 months to 327 months, based on a career offender enhancement, arising from her extensive criminal history beginning in 1975 and including convictions for multiple drug-related offenses, and the offenses at issue in this court were committed less than two years after her release from custody on state charges. Here, I conclude that I would have imposed the same 180-month sentence, which is a substantial downward variance from Sorenson's advisory guidelines range, even if Sorenson had been subject to the lower guidelines range pursuant to Amendment 782, in light of her criminal history, offense conduct, personal characteristics, and other 18 U.S.C. § 3553(a) factors, as set out in the Final Presentence Investigation Report. In these circumstances, I exercise my discretion to deny her relief under § 3582(c)(2). *Hughes*, 138 S. Ct. at 1778.

Sorenson is not eligible for a sentence reduction pursuant to § 3582(c)(2) for another reason, as well. Because Sorenson's guidelines sentence was calculated on the basis that she was a career offender, *see* U.S.S.G. § 4B1.1, Amendment 782 (subject to subsection (e)(1)) does not impact her advisory guidelines range, so a sentence reduction is not available. *See, e.g., United States v. Reeves*, 717 F.3d 647, 649-50 (8th Cir. 2013) (discussing eligibility for a reduced sentence in light of career offender status). More specifically, even if Sorenson's Adjusted Offense Level were reduced pursuant to Amendment 782, her total offense level would have ultimately remained the same pursuant to U.S.S.G. § 4B1.1, as would her criminal history category, and her advisory

guidelines sentence, even after application of Amendment 782, would still be 262 months to 327 months.

THEREFORE, defendant Jolene Lauree Sorenson's July 26, 2018, *pro se* Petition For Relief Pursuant To Rule 11(c)(1)(C) In Light Of Supreme Court Decision "Hughes v. United States" 138 S. Ct. 1040 (2018) (docket no. 51) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 31st day of August, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA